William Randolph HEITMAN,
Appellant,

v.

The STATE of Texas, State.

No. 2–85–035–CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 7, 1989.

John H. Hagler and Robert M. Rose, Dallas, for appellant.

John Vance, Criminal Dist. Atty., Leslie McFarlane, Asst. Dist. Atty., Robert Huttash, State Pros. Atty., and Alfred Walker, Asst. State's Atty., Dallas, for the State.

Before WEAVER, C.J., and HILL and FARRIS, JJ.

OPINION ON REHEARING

HILL, Justice.

William Randolph Heitman appealed from his conviction by the court upon his plea of nolo contendere to the charge of possession of methamphetamine with intent to deliver. His punishment was assessed at five years in the Texas Department of Corrections, probated for five years. We originally reversed this cause and ordered the indictment dismissed, finding that the State violated the Texas Speedy Trial Act, TEX.CODE CRIM.PROC. ANN. art. 32A.02 (Vernon 1989). Based upon its finding in *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App.1987) that the Texas Speedy Trial Act is unconstitutional, the Texas Court of Criminal Appeals reversed our judgment and remanded the cause to this court for our consideration of Heitman's remaining point of error.

In the sole point of error on remand, Heitman contends that the trial court erred in failing to grant his motion to suppress. He relies on the opinion of the Texas Court of Criminal Appeals in *Gill v. State*, 625 S.W.2d 307 (Tex.Crim.App. [Panel Op.] 1980) (opinion on reh'g).

On August 17, 1988, in an unpublished opinion, this court reversed and remanded this cause for trial, finding that the inventory search of a half-locked and half-un-

locked briefcase found in Heitman's automobile upon his arrest was unlawful. Upon the State's motion for rehearing, we overrule Heitman's sole point of error, set aside our former judgment of reversal, and affirm.

■ We find that because the inventory search of Heitman's briefcase was mandated by departmental policy that required the search of all closed containers in impounded vehicles, and because there is no showing or contention of bad faith on the part of the police, the trial court did not err in overruling Heitman's motion to suppress, since the search did not violate Heitman's rights under the Fourth Amendment to the United States Constitution or under article I, section 9 of the Texas Constitution.

Heitman was arrested when Addison police found him passed out at a convenience store parking lot and found a pistol on his person. Addison police impounded Heitman's automobile, then searched and inventoried the contents, including the briefcase in question.

After the State filed its motion for rehearing, we abated this cause and remanded it to the trial court, so that evidence might be taken and findings made as to whether the Addison Police Department had a policy which mandated the opening of all closed containers in every impounded vehicle and listing of their contents.

Officer Ronnie McMahen, the officer who conducted the search in question, testified at the hearing held following abatement that he searched the vehicle pursuant to departmental policy, and that under the policy officers search all parts of a vehicle, including the cab, trunk, glove compartment, and briefcases or anything like that. He indicated that written policy states that officers will inventory vehicles and anything in them. He said that in his training he was told to go through everything in the vehicle, including closed containers. He acknowledged that he had never been told to break anything or use force to open containers. The trial court, in a supplemental transcript, found that at the time of the search in this case that police departmental policy did mandate the opening of all closed

containers in every impounded vehicle and the listing of their contents.

Heitman makes no contention that the inventory was conducted in bad faith.

■ Inventory searches are an exception to the warrant requirement of the Fourth Amendment. *Colorado v. Bertine*, 479 U.S. 367, 107 S.Ct. 738, 741, 93 L.Ed.2d 739 (1987). The inventory search of a closed container, when conducted in accordance with standardized police procedures that require a detailed inspection and inventory of impounded vehicles, and when administered in good faith, satisfies the Fourth Amendment to the United States Constitution. *Id.* 107 S.Ct. at 742. It may be necessary that the departmental policy must mandate the opening of closed containers in every impounded vehicle. *See id.*, concurring opinion at 744.

■ Article I, section 9 of the Texas Constitution and the Fourth Amendment to the United States Constitution are the same in all material aspects, and construction of article I, section 9 should be in harmony with United States Supreme Court decisions concerning the Fourth Amendment. *Brown v. State*, 657 S.W.2d 797 (Tex.Crim.App.1983). Based on these authorities, we find that the inventory search of Heitman's briefcase did not violate his rights under the Fourth Amendment to the United States Constitution or article I, section 9 of the Texas Constitution. Since the search did not violate Heitman's rights under the United States or Texas Constitution as he urges on this appeal, the trial court did not err in overruling his motion to suppress.

As we have previously noted, Heitman relies on *Gill v. State, supra*. In *Gill*, the Texas Court of Criminal Appeals found the inventory search of a locked automobile trunk to be in violation of the Fourth Amendment to the United States Constitution and of article I, section 9 of the Texas Constitution. Although that opinion decided the case in part upon the Texas Constitution, the opinion is actually based upon United States Supreme Court opinions interpreting the United States Constitution,

all of which opinions were written prior to *Colorado v. Bertine*, the case upon which we rely. We find *Gill* not to be applicable to this case in view of *Colorado v. Bertine*. The court in *Gill*, without saying so, followed the dictates of *Brown* by ruling that article I, section 9 of the Texas Constitution was violated, upon determining that the Fourth Amendment of the United States Constitution was violated. Since we find in this case that the Fourth Amendment to the United States Constitution was not violated, following *Brown* we determine that article I, section 9 of the Texas Constitution was not violated. We over-rule Heitman's sole point of error upon remand.

We grant the State's motion for rehearing, set aside our prior judgment on remand, and affirm the judgment.

FARRIS, J., concurs.